UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cyril Richardson, | ) C/A No. 2:14-3904-DCN-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| J. Clemens, Ptl; C. Prosser, Sgt.; Al C. Cannon, Sheriff; Charles W. Cochran, | ) |
| Defendants. | ) |

The Plaintiff, Cyril Richardson, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the MacDougall Correctional Institution, part of the South Carolina Department of Corrections ("SCDC"). Plaintiff appears to allege that his constitutional rights were violated based on his arrest and imprisonment on April 11, 2013. Plaintiff requests "damages." Complaint, ECF No. 1 at 5.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff alleges that he was falsely arrested and imprisoned on April 11, 2013, after he and his child's mother got into a fight. He claims that police officers lied to him because they stated they were going to arrest his child's mother (apparently both she and Plaintiff were injured in the fight), but failed to do so. Plaintiff also appears to allege that the County of Charleston (not a defendant in this action) impermissibly changed a charge against him from "weapon/poss weapon during violent crime" to "criminal/poss of a weapon during the commission of a violent crime." Additionally, Plaintiff claims that his attorney, public defender Charles W. Cochran, failed to obtain certain evidence and was negligent in handling Plaintiff's criminal cases.

## Heck v. Humphrey

To the extent that Plaintiff is requesting monetary damages based on false arrest and/or false imprisonment, his claims are subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), where the Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would

2

implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487.

It is noted that the rule in Heck does not apply to claims of false arrest in the pre-conviction context, where criminal charges are still pending. See Wallace v. Kato, 549 U.S. 384 (2007). Records from the Charleston County Circuit Court and the SCDC, however, indicate that Plaintiff pled guilty (on June 23, 2014) to the April 11, 2013 charges of criminal domestic violence of a high and aggravated nature and possession of a weapon during a violent crime and that he is currently incarcerated on those charges. See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=2013A1010201912&CaseType=C; http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=2013A1010201914&CaseType=C; http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Cyril Richardson"](last visited Oct. 28, 2014).[1] Therefore, as Plaintiff has not shown favorable terminations as to his convictions, his claims for false arrest and/or false imprisonment are barred by Heck and should be dismissed. See Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable termination applies to claims of false arrest, false imprisonment, and malicious prosecution].

---

[1]This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].



3

**Defendants Clemons, Prosser, and Cannon**

It is noted that Plaintiff names Ptl. J. Clemens, Sgt. C. Prosser, and Sheriff Al C. Cannon as Defendants in the caption of his Complaint. However, even if Plaintiff's claims against Defendants Clemons, Prosser, and Cannon are not barred by Heck, these Defendants are entitled to summary dismissal because Plaintiff's pleadings fail to provide any specific factual information to support a claim that any of these Defendants violated his constitutional rights. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 [requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2)].

In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Whaley v. Hatcher, No. 1:08CV 125–01–MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008). Here, Plaintiff does not mention any of these Defendants in the body of his Complaint, and has not alleged any specific claim against any of these Defendants. Therefore, they are entitled to dismissal as party Defendants, even if this case was otherwise allowed to proceed.[2]

---

[2] Part of Plaintiff's allegations, which could possibly pertain to his arresting officers, is that the mother of his child should have been arrested also. However, Plaintiff lacks a judicially cognizable interest in the prosecution or non-prosecution of another, and therefore does not have a cognizable claim based on this allegation. See Linda, R.S. v. Richard, D., 410 U.S. 614, 619 (1973); Lopez v. Robinson, 914 F.2d 486, 494, (4th Cir. 1990)("No citizen has an enforceable right to institute a criminal prosecution.")

4

### Defendant Cochran

Plaintiff claims that the remaining Defendant, his attorney Charles W. Cochran, refused to obtain a videotape from a Family Dollar store (where Plaintiff was allegedly buying diapers and other supplies) and look at the tape for evidence concerning the alleged incident. ECF No. 1 at 3. Plaintiff also alleges that Cochran was negligent and failed to properly do his job. Id. at 4.

However, to the extent Plaintiff alleges claims pursuant to § 1983 against Defendant Cochran, such claims are subject to summary dismissal because Cochran has not acted under color of state law.[3] An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir.1980) [court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) [private attorney]. Further, claims for negligence are not cognizable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 345–48 (1986); Daniels v. Williams, 474 U.S. 327, 328–36 & n. 3 (1986). Therefore, Cochran is entitled to dismissal as a party Defendant even if this case were to otherwise proceed.

### Failure to Request Relief

Finally, Plaintiff merely requests the relief of "damages", and states that he will amend his request at a later date. Were this Court to find that Plaintiff's rights have been violated,

---

[3] In order to state a cause of action under § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right", and (2) "the person who has deprived him of that right acted under color of state or [federal] law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961).



5

but order no remedy, it would, in effect, be rendering an advisory opinion; such action is barred by Article III of the Constitution. Preiser v. Newkirk, 422 U.S. 395, 401 (1975); see also Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) [federal courts do not render advisory opinions]. In addressing the plaintiff's failure to request specific relief in an analogous situation, the Tenth Circuit Court of Appeals stated: "This court would violate Article III's prohibition against advisory opinions were it to do that which [Plaintiff] requests, i.e., issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief." Public Ser. Co. v. EPA, 225 F.3d 1144, 1148 n.4 (10th Cir. 2000); cf. James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1092 (D.C. Cir. 1996) [holding that, if the court were prohibited from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution"].

It is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for state prisoners or pro se litigants. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Hence, in the absence of a request for any specific relief from the Plaintiff, the Complaint filed in this case is frivolous and subject to summary dismissal on this additional ground.

### Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.



6

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November __, 2014
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



8